## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  20-CR-20076-DDC/TJJ |
| | ) | |
| KARILYN PRIMEAU, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

1.      H.W. was an active duty U.S. Army Correctional Specialist at the Army's Disciplinary Barracks (USDB) located at Fort Leavenworth, Kansas, within the District of Kansas. H.W., whose identity is known to the Grand Jury, is hereafter referred to as "Guard H.W." Guard H.W. resided in the District of Kansas.

2.      As a Correctional Specialist at USDB, Guard H.W. was a public official as defined in Title 18, United States Code, Section 201(a)(1).

3.      The Defendant, Karilyn Primeau, was a civilian married to R.B., an inmate at the USDB. R.B., whose identity is known to the Grand Jury, is hereafter referred to as "Inmate R.B."

4.      USDB classified cellular telephones as contraband not to be possessed by inmates. Inmates using prohibited cellular phones within a prison pose a serious security threat inside and outside the prison. The phones can be used to commit or facilitate numerous crimes,

including contraband smuggling, bribery, threats, orchestrating gang activity, and coordinating escapes.

### COUNT 1
*(Conspiracy to Bribe a Public Official)*

5. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as if fully set forth in this paragraph.

6. From in or about February 2017 and continuing until in or about October 2017, in the District of Kansas and elsewhere, the Defendant Karilyn Primeau, did knowingly and willfully conspire and agree with others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, for the defendant to knowingly and corruptly, directly and indirectly, give, offer, and promise things of value, to a public official with the intent to influence official acts and with the intent to induce the public official to do and omit to do acts in violation of the public official's lawful duties, contrary to Title 18, United States Code, Section 201(b)(1).

### Nature and Purpose of the Conspiracy

7. It was the nature and purpose of the conspiracy for Guard H.W. to illegally smuggle contraband, that is, cellular phones and other prohibited items, into the USDB for inmates.

8. It was further the nature and purpose of the conspiracy for the inmates receiving the smuggled contraband to pay Guard H.W.

9. In furtherance of the conspiracy and to effect its objectives, within the District of Kansas and elsewhere, the defendant Karilyn Primeau, together with others, committed and caused to be committed, among others, the following overt acts:

**Overt Acts**

10. On or about February 8, 2017, Guard H.W. agreed to meet with an unidentified person in Platte City, Missouri, at the request of a close associate of Inmate R.B.

11. During the meeting in Platte City on or about February 8, 2017, Guard H.W. met the defendant Karilyn Primeau in a residential driveway.

12. During this initial meeting, the defendant Karilyn Primeau gave Guard H.W. two cellular phones and $300.00 in U.S. currency.

13. Guard H.W. accepted the $300.00 from the defendant Karilyn Primeau to smuggle the two cellular phones into the USDB for inmates to use, and was later paid an additional $500.00 for the phones by Inmate C.G. whose identity is known to the Grand Jury.

14. On or about February 8, 2017, Guard H.W. smuggled both cellular phones into the USDB.

15. Subsequently, USDB inmates used these phones in violation of USDB regulations.

16. After the February 8, 2017 meeting between Guard H.W. and the defendant Karilyn Primeau, Inmate R.B. told Guard H.W. that the defendant was Inmate R.B.'s wife.

17. On or about February 27, 2017, Guard H.W. and the defendant Karilyn Primeau called and texted each other to arrange another meeting.

18. During this second meeting in Platte City on or about March 3, 2017, the defendant Karilyn Primeau provided Guard H.W. with at least one cellular phone to be smuggled into USDB.

19. Subsequent to this meeting, Guard H.W. smuggled at least one cellular phone into the USDB for use by inmates in violation of USDB regulations.

20. The defendant Karilyn Primeau later paid cash to Guard H.W. for smuggling at least one cellular phone, which the defendant had given Guard H.W. on or about March 3, 2017, into the USDB.

21. Guard H.W. accepted the cash payment.

This was all in violation of Title 18, United States Code, Section 371.

                                                  A TRUE BILL.

Dated: November 18, 2020               /s/ *Foreperson*
                                            FOREPERSON

*s/ Tristram W. Hunt*, KS Bar. No. 18196 for
STEPHEN R. MCALLISTER, Ks. S. Ct. No. 15845
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730
(913) 551-6541 (fax)
Stephen.McAllister@usdoj.gov

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## **PENALTIES**

**Counts 1:** A term of imprisonment of not more than 5 years, a fine of not more than $250,000, a term of supervised release of not more than 3 years, a special assessment of $100.